Entered on Docket
November 16, 2011
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

The following constitutes
the order of the court. Signed November 16, 2011

_____
Charles Novack
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:

PEDRO AND ANA SILVA,

Debtors.

Case No. 10-60077 CN

Chapter 13

**MEMORANDUM DECISION AND ORDER DENYING CONFIRMATION OF CHAPTER 13 PLAN AND DISMISSING CHAPTER 13 BANKRUPTCY**

This matter came before the court for a duly noticed hearing on confirmation of the debtors' Third Amended Chapter 13 Plan (the "Plan"). Pursuant to the court's independent obligation to determine whether plan confirmation is appropriate, the court questioned the debtors' Chapter 13 eligibility under Bankruptcy Code § 109(e) and their good faith in proposing the Plan. All other objections to the Plan have been resolved. After conducting a hearing on September 23, 2011 regarding these concerns, the court issues the following memorandum and order.

Debtors filed their chapter 13 petition on September 28, 2010. When they filed their Chapter 13, the debtors owned two parcels of over-encumbered, real property- their primary residence located at 841 Tumbleweed Drive, Salinas, California, and a fourplex rental at 517 Oregon Street, Bakersfield, California (the "Bakersfield Property"). The debtors valued their primary residence at $265,064.00, and it is encumbered by two deeds of trust: a BAC Home Loans senior lien securing a $438,387.00 note,

1

**MEMORANDUM DECISION AND ORDER THEREON**

and a junior deed of trust securing a $211,731.00 note owed to JP Morgan Chase ("JP Morgan Chase Deed of Trust"). The debtors valued the Bakersfield Property at $110,191.00, and it is subject to a single deed of trust held by BAC Home Loans securing a note with a $289,674.00 balance.

The debtors' Bankruptcy Schedule D states that the JP Morgan Chase Deed of Trust is wholly unsecured, and that $179,483.00 of the Bakersfield Property lien is unsecured. These two amounts are not included on Bankruptcy Schedule F. Instead, Schedule F lists only $23,000.00 in credit card debt. If the unsecured amounts listed on Schedule D are added to the Schedule F credit card debt, the total unsecured debt is approximately $414,214.00. The debtors concede that the JP Morgan Chase Deed of Trust secures a non-purchase money obligation, and that the debt against the Bakersfield Property is a recourse obligation.

The Plan proposes to avoid the JP Morgan Chase Deed of Trust against their residence and cram-down the BAC Home Loans debt against the Bakersfield Property to $110,191.00, which they will pay in full over 60 months at 3% interest. The Plan calls for sixty monthly payments of $2,685.00 each, which debtors contend will fully satisfy the crammed-down BAC Home Loans debt, a Nissan Motors car obligation, and their attorney and Chapter 13 Trustee's fees. The Plan will not provide any dividend to general, unsecured creditors.

Section 109(e) of the Bankruptcy Code provides in pertinent part that only individuals with regular income, who owe, on the date of the filing of their petition, less than $360,475.00[1] in noncontingent, liquidated, unsecured debt may be debtors under Chapter 13. This court concludes that the JP Morgan Chase note and the unsecured portion of the Bakersfield Property lien are unsecured claims that must be included in a §109(e) unsecured debt calculation. Accordingly, the debtors are ineligible for Chapter 13.

Over a decade ago, the Ninth Circuit joined the overwhelming majority of courts in adopting a § 506(a) analysis to define what is "secured" and "unsecured" debt for purposes of § 109(e). *In re*

---

[1]This amount reflects the unsecured debt limit in effect on the date that the Silvas filed their bankruptcy petition. The amount is subject to periodic adjustment as authorized in § 104 of the Code. Section 109(e) also sets a $1,081,400.00 ceiling on secured debt, but only the unsecured debt limit is at issue.

2

**MEMORANDUM DECISION AND ORDER THEREON**

*Scovis*, 249 F.3d 975, 983 (9th Cir. 2001). This analysis leads to a general rule that the unsecured portion of under-secured debt is counted as "unsecured debt" under for § 109(e). *Id.* While courts have excluded such debt from a §109(e) calculation where applicable law forbids its inclusion or where such debt is non-recourse, none of these exceptions apply herein. For example, Bankruptcy Code § 1322(b)(2) prohibits a bankruptcy court from bifurcating a debt that is "partially" secured by a debtor's primary residence. *In re Nobelman*, 508 U.S. 324, 113 S. Ct. 2106 (1993). As a result, courts do not include the under-secured portion of a note secured by the debtor's primary residence in §109(e) unsecured debt calculations *See e.g., In re Smith*, 419 B.R. 826, 832 (Bankr. C.D. Cal. 2009). Similarly, a deed of trust given to secure a purchase money loan secured by a personal residence is generally a non-recourse obligation under California Code of Civil Procedure § 580b. As a result, courts have held that non-recourse debt is not included in the §109(e) unsecured debt calculus. *See e.g., In re Tolentino*, 2010 WL 1462772 (Bankr. N.D. Cal. Apr. 12, 2010). As stated above, debtors concede that the JP Morgan Chase obligation is recourse, and the Bakersfield Property is a rental property. Accordingly, neither Bankruptcy Code §1322(b)(2) nor Cal. Code Civ. P. § 580b removes these obligations from the § 109(e) unsecured debt calculation, and courts generally have included such debt when determining a debtor's Chapter 13 eligibility. *See, e.g.,In re Miller*, 907 F.2d 80 (8th Cir. 1990); *In re Lantzy*, 2010 WL 6259984 (9th Cir. B.A.P. Dec. 7, 2010); *In re Smith*, 435 B.R. 637 ( 9th Cir. B.A.P. 2010).

Notwithstanding the above, the debtors urge that none of the Bakersfield Property debt may be included in this court's §109(e) analysis. They contend that when they filed their Chapter 13 case, only a possible deficiency claim existed against them arising from the Bakersfield Property, and that a possible deficiency claim is not a debt or claim under the Bankruptcy Code. The debtors alternatively argue that if the deficiency claim is a debt, it is contingent and unliquidated. This court disagrees.

The Bankruptcy Code defines a "debt" as a liability on a claim. *See* 11 U.S.C. § 101 (12). A "claim" is "a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured." *Id.* at § 101(5)(A). When the debtors signed the BAC Home Loans promissory note secured by the Bakersfield Property, the lender obtained a right to payment on the note. Debtors argue that there is no right to payment until the lender surrenders its right to non-judicial foreclosure,

3

**MEMORANDUM DECISION AND ORDER THEREON**

commences a judicial foreclosure, and obtains a deficiency judgment. Whether or not the lender has to follow a particular process to enforce its right to payment, it has the right to be paid from the moment the note is signed. Thus, the amount owed on the note that is collateralized by Bakersfield Property is, quite simply, a debt.

Moreover, the under-secured portion of the debt is not contingent. A debt is contingent if it does not become an obligation until the occurrence of a future event which will trigger the liability of the debtor to the creditor. *In re Mazzeo*, 131 F.3d 285, 303 (2d Cir. 1997). The term "future event" does not refer to a judicial determination as to liability. The ability to collect the sum due may depend upon an adjudication, but that does not make the debt itself contingent. The concept of contingency involves the nature or origin of liability, not its enforcement *Id.* Thus, for example, a taxpayer's duty to pay taxes derives from statute and the obligation to pay arises upon non-payment. The obligation to pay is not contingent on any further event even though the taxing authority may need to issue an assessment before it can enforce that tax liability. *Id.*

Applying the same principles here, the debtors' liability for the debt secured by the Bakersfield Property arose when they signed the promissory note. The note and deed of trust created a contractual obligation to repay the debt first by relinquishing the property and, second, via personal liability, all of which could be adjudicated through the judicial foreclosure process. That the lender has to follow a particular statutory procedure to recover a deficiency judgment does not make the debtors' liability contingent. It is merely the process for enforcing the debtors' liability. [2]

The Bankruptcy Appellate Panel's comments in *In re Valenti*, 310 B.R. 138 (BAP 9th Cir. 2004) further supports this court's conclusion that the debt is not contingent. There, the BAP, in restating its position that the § 109(e) debt ceiling is not jurisdictional, disputed the bankruptcy court's analysis that

---

[2] The correctness of this analysis is borne out by the cases that have held that debt related to wholly unsecured junior deeds of trust must be included as unsecured debt under § 109(e). *See e.g., In re Lantzy*, 2010 WL 6259984 (9th Cir. B.A.P. Dec. 7, 2010); *In re Smith*, 435 B.R. 637 (2010). While neither of these cases expressly addressed the contingent/noncontingent issue, a finding that the debt was noncontingent is implicit in these decisions because only noncontingent debt is included in the § 109(e) eligibility calculation. There is no reasoned basis for treating partially secured recourse debt differently than wholly unsecured recourse debt and debtors offer none.

4

**MEMORANDUM DECISION AND ORDER THEREON**

a note secured by real property that was not property of the bankruptcy estate was contingent. It noted that a contingent liability is "one which the debtor will be called upon to pay only upon the occurrence or happening of an extrinsic event which will trigger the liability of the debtor to the alleged creditor." *Id*. at 148, *quoting In re Fostvedt*, 823 F.2d 305, 306-07 (9th Cir. 1987). While the BAP's analysis is dicta, the BAP noted that while "it was possible that the creditor holding the [secured] debt could elect non-judicial foreclosure and thereby waive any deficiency claim against Debtor, ... we are not aware of any authority that this possibility makes the debt itself contingent for bankruptcy purposes." The court also is unaware of any such bankruptcy authority.[3]

The debt at issue is also liquidated. A debt is liquidated where the claim is readily determinable by reference to an agreement or by a simple computation. *In re Fostvedt*, 823 F.2d 305, 306 (9th Cir. 1987). If the amount of the creditor's claim at the time of filing the petition is ascertainable or calculable with certainty, then it is liquidated for the purposes of § 109(e). *Scovis*, 249 F.3d at 983-84. As the Ninth Circuit has recognized, chapter 13 eligibility should normally be determined by the debtor's originally filed schedules unless they were filed in bad faith. *Id.* at 982.

The debtors' own schedules provide the exact amount of the under-secured debt arising from their real properties. The schedules list both the value and the debt against their primary residence and the Bakersfield Property. As a result, the unsecured portion of these obligations is readily ascertainable. Schedules A and D collectively list the value of these properties and the liens against them. Schedule D states that the JP Morgan Chase second deed of trust, which secured a note balance of $211,731.00, is wholly unsecured and further calculates that $179,483.00 of the debt against the Bakersfield Property is unsecured. When those amounts are added to the $23,000.00 in credit card debt listed in Schedule

---

[3] The *Valenti* court noted that a California appellate decision, *Pacific Valley Bank v. Schwenke*, 189 Cal.App.3d 134 (1987), had described a deficiency obligation as "conditional" under California law. The BAP, however, did not find this language persuasive, and this court concurs. In discussing California's one action rule and the election of remedies, the *Pacific Valley Bank* court noted that "the debtor, by signing a note secured by a deed of trust, does not make an absolute promise to pay the entire obligation, but rather makes only a conditional promise to pay any deficiency that remains if a judicial sale of the encumbered property does not satisfy the debt." *Id.* at 140. It was not the liability that was "conditional," but the amount. As noted above, the debtors' own schedules supply the amount of the unsecured claim.

5

**MEMORANDUM DECISION AND ORDER THEREON**

F, the debtors' total unsecured debt is at least $414,276.00, well in excess of the § 109(e) debt ceiling. As a result, the debtors are not eligible for relief under Chapter 13.

In light of this court's § 109(e) analysis, it is not necessary to consider whether the debtors filed their Chapter 13 plan in bad faith.

## CONCLUSION

For the reasons explained, the court denies confirmation of the debtors' Chapter 13 plan on the ground that they are not eligible for relief under Chapter 13 of the Bankruptcy Code. Debtors have fourteen days from the entry of this order to convert this case to one under Chapter 7 or Chapter 11. If no conversion occurs within that time, the case is dismissed without further order of the court.

Good cause appearing, IT IS SO ORDERED.

\* \* \* END OF ORDER \* \* \*

Case No. 10-60077

## COURT SERVICE LIST

Lars T. Fuller
Sam Taherian
THE FULLER LAW FIRM, PC
60 N. Keeble Ave.
San Jose, CA 95126

Office of the U.S. Trustee
San Jose Division
280 S. First St., Room 268
San Jose, CA 95113-3004

Ana Silva
841 Tumbleweed Drive
Salinas, CA 93905

Devin Derham Burk
CHAPTER 13 TRUSTEE
P.O. Box 50013
San Jose, CA 95150-0013

Pedro Silva
841 Tumbleweed Drive
Salinas, CA 93905

7

**MEMORANDUM DECISION AND ORDER THEREON**